IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Jim Shai Dud Lee,<br><br>Petitioner.<br>_____/ | No. C 06-80150-MISC MJJ<br><br>**ORDER GRANTING MOTION FOR AMENDMENT OF NATURALIZATION APPLICATION** |

Pending before the Court is Petitioner Jim Shai Dud Lee's ("Applicant") Form N-410 Motion For Amendment Of Naturalization Application (Docket #3) seeking a change of birth date. For the following reasons, the Court **GRANTS** Applicant's request.

**I.     Background**

On May 31, 2006, Petitioner filed a series of documents with this Court requesting that he be allowed to legally change his date of birth. In his cover letter and in a signed and notarized declaration, Petitioner claimed that the date of birth recorded on his petition for naturalization was incorrectly reported. The record implies that the mistaken recording is due to a clerical error.

Petitioner alleged that his actual birth date, September 8, 1947, which was the twenty-fourth day of the seventh month of the lunar calendar in 1947, was recorded as August 28, 1948, the twenty-fourth day of the seventh month of the lunar calendar in the year of his immigration to the United States. Petitioner claims that he did not learn of the discrepancy until the 1980s when his brother, upon

immigrating to the United States, provided him with a copy of his birth certificate.

Petitioner stated that he recently made a request to change his recorded date of birth with both the Social Security Administration and the Immigration and Naturalization Service (now the Citizenship and Immigration Service ("USCIS")). The Social Security Administration approved his request, but the USCIS denied his request.

On August 1, 2006, this Court denied Petitioner's petition without prejudice. The Court ordered Petitioner to follow the rule provided under 8 C.F.R. § 334.16(b) and gave him 90 days to re-file his petition on the proper form (Form N-410). The Court also required that Petitioner serve a copy on the district director of the USCIS, and additionally required that he pay the proper filing fee pursuant to 8 C.F.R. § 103.7(b)(1).

Petitioner re-filed his petition in form N-410 on August 30, 2006. On September 6, 2006, he filed a Certificate of Service indicating he served a copy of his motion on the director of USCIS on August 31, 2006. The certificate indicated that USCIS officials instructed him to pay the fee upon the review of his file.

On March 15, 2007, USCIS filed a Statement of Non-Opposition to the petition. The USCIS indicated that in light of the Social Security Administration having granted Petitioner's request, USCIS had no opposition to the amendment.[1]

**II. Legal Standard**

A. Jurisdictional Authority

Two regulations govern Mr. Lee's request to amend his Certificate of Naturalization. Title 8 C.F.R. § 334.16(b), which allows for an amendment of a *petition* for naturalization, provides in part: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located." If the application is

---

[1] USCIS brought to this Court's attention a Statutory Declaration made on October 31, 1962 by Petitioner's father that showed Petitioner's birth date to be July 24, 1948. It further showed his place of birth to be in Toy Shan, Kwang Tung, China as opposed to Hong Kong. This indicated additional discrepancies. Nonetheless, USCIS does not oppose the petition.

2

made "to correct a clerical error arising from oversight or omission," the district director may not object to the petition. 8 C.F.R. § 334.16(b).

Section 338.5 applies specifically to amending a Certificate of Naturalization. 8 C.F.R. § 338.5. Under part (e) of that section, "a correction is permitted only when a certificate of naturalization does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate."

The regulations give the Court the power to order amendments to a petition for naturalization, but are not as explicit regarding amendments to a Certificate of Naturalization. Section 334.16(b) states that "when the court orders the *petition* amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the service file." Other courts have nonetheless used this section to make amendments to a Certificate of Naturalization upon a finding of an honest mistake made by the petitioner seeking amendment. *Kouanchao v. U.S. Citizenship and Immigration Services*, 358 F. Supp. 2d 837 (D. Minn. 2005).

Additionally, in *Matter of Shrewsbury*, 1996 WL 64988, at *1 (9th Cir. 1996), the Ninth Circuit held that the courts had jurisdiction to amend a pre-1990 naturalization order. There the Court found that "because the order naturalizing this petitioner was a court order, the court had jurisdiction under the prior statute to amend it." *Id.* Petitioner offers evidence that he was naturalized in 1973 by court order as well. This Court therefore has jurisdiction to amend Petitioner's Certificate of Naturalization.

B. Burden of Proof

Petitioner bears the burden of showing that the date on his Certificate of Naturalization is incorrect and that September 8, 1947, is his correct date of birth. *Kouanchao,* 358 F. Supp. 2d at 838. Federal regulations governing administrative amendments to certificates of naturalization, "are resistant to changing birth dates for any reason other than clerical error on the part of the U.S. officials." *Vargai v. INS, Dist. Director*, 932 F.Supp. 1245, 1246 (D. Or. 1996)*.*

**III. Analysis**

Based on the record presented, a finding of a clerical error is appropriate. Petitioner has submitted material establishing a *prima facie* case that his date of birth is in fact September 8, 1947.

1 The USCIS has identified some discrepancy with the Statutory Declaration given by Petitioner's
2 father, but nonetheless offers no opposition to the petition.

3 Cases where applications to amend a Certificate of Naturalization were denied have typically
4 been premised on concern over fraud.  A Minnesota court recently denied such an application where
5 the only attached evidence was affidavits of the petitioner's family members.  *Duc Minh Ha v. U.S.*
6 *Citizenship and Immigration Services*, 2006 WL 1997360 (D. Minn. 2006).  The court found it
7 significant that "petitioner swore to this date of birth (the date of birth that was currently on the
8 certificate) numerous times on various immigration and naturalization documents over a period of
9 several years.  Moreover, the Petition itself avers that Petitioner was twenty years old in 1979." *Id* at
10 2.  The Eastern District of California also denied an attempt to amend a petition for naturalization
11 which was upheld by the Ninth Circuit.  *Matter of Shrewsbury*, 1996 WL 64988 (9th Cir. 1996).  In
12 that case the petitioner had taken the identity of her older sister when she was married in Vietnam.
13 This was done to permit the marriage and enable her to come to the United States as the wife of an
14 American citizen.  The court denied the amendment because "she sought amendment in order to
15 correct a deliberate falsehood." *Id.* at 1.

16 In contrast, courts have granted applications to correct the date of birth on a certificate of
17 naturalization where the plaintiff provides unequivocal evidence as to his true date of birth or where
18 there is no evidence of fraud and no prejudice results to the government.  *Kouanchao,* 358 F. Supp.
19 2d at 838-39.  In another case a petition was granted to change a date of birth in a certificate of
20 naturalization where petitioner presented evidence of his correct birth date and where there was no
21 opportunity for fraud because his birth date had already been changed by the Social Security
22 Administration and the state motor vehicles division.  *Varghai*, 932 F. Supp. at 1246-47.

23 The record here does not reveal any significant signs of fraudulent activity on the part of
24 Petitioner.  Similar to *Varghai*, Petitioner has presented multiple official documents that show his
25 birth date to be September 7, 1948.  This includes a Copy of Entry in the Hong Kong Birth Registry,
26 and a copy of the Social Security Benefit Information Form showing that the Social Security
27 Administration has already changed his date of birth in their records.  In *Varghai,* this showing of a

change in the Social Security Administration records was given significant weight. 932 F.Supp. at 1246-47.

The Statutory Declaration from 1962 raises some concerns that Petitioner's true date of birth may be July 24, 1948 and that he was actually born in Toy Shan, Kwang Tung, China and not Hong Kong. However, this Statutory Declaration does not raise the same concerns of fraud as did the statements in *Duc Minh Ha* or *Shrewsbury* because the statement contained therein is not attributable to Petitioner. Also, Petitioner was either four or five years old when this statement was made, making it highly unlikely that he was personally involved in any attempt to commit a fraudulent act. Finally, unlike *Duc Minh Ha* or *Shrewsbury,* the Social Security Administration has already made the change, and the USCIS does not oppose the request.

Petitioner has made a sufficient showing to have his petition granted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Applicant's Petition to change his date of birth on his Certificate of Naturalization. The Court further **ORDERS** the Clerk of this Court to serve David Still, the District Director of the USCIS at 630 Sansome Street in San Francisco, California 94111, with a copy of this Order to be placed in Petitioner's Service file pursuant to 8 C.F.R. § 334.16(b).

**IT IS SO ORDERED.**

Dated: March 25, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

5